PARAMOUNT INVESTMENT CORPORATION, a corporation of New
Jersey, complainant-respondent,

*v.*

WILLIAM JESSOP et ux., et al., defendants-appellants.

[Decided September 27th, 1934.]

On appeal from an order of the court of chancery advised
by Vice-Chancellor Bigelow, who filed the following opinion:

"Defendant William Jessop filed an answer and counter-
claim against complainant. Since complainant did not file
an answer to the counter-claim within the time prescribed
by the rules, defendant took a decree *pro confesso* on the
counter-claim. Complainant now moves to vacate the decree
and to strike the answer and counter-claim.

"This is a suit to foreclose tax sale certificates. The answer

sets up as a defense the invalidity of the taxes and of the tax sale. By the statute (*P. L. 1925 p. 480*), the filing of such answer stays proceedings in chancery for a period of four months. This enactment, in my opinion, operated to stay proceedings on the counter-claim as well as on the original bill. The two are parts of a single suit. Hence the time to answer the counter-claim had not expired when the decree *pro confesso* was taken and therefore it will be vacated.

"The motion to strike the answer is based on the fact that no writ of *certiorari* has been obtained by defendant to review the assessment or tax sale, although more than four months have elapsed since the answer was filed. So much of the answer as alleges the invalidity of the assessment and the sale will be struck. *B. H. K. Realty Co.* v. *Scarlet, 105 N. J. Eq. 707.*

"Complainant moves to strike the counter-claim on the ground that the charges therein are not the proper subject-matter of a counter-claim. The allegations are that, after the bill was filed, complainant, for a certain consideration, promised defendant that no further steps would be taken in this cause until defendant procures from the Passaic valley water commission certain moneys which defendant hopes to obtain in a, suit pending between defendant and the commission. Defendant prays that the agreement be specifically performed. While in form the counter-claim asks specific performance, in fact it seeks only a stay of the suit. Such relief is usually obtained by motion. It could not be had by original bill (*Ellsworth* v. *Cook, 8 Paige (N. Y.) 643*), and I do not think it proper in a cross-bill or counter-claim. The question of a stay should be disposed of summarily, and not made the subject of a final hearing. The counter-claim will be struck, without prejudice to a motion to stay proceedings."

*Mr. Aquila N. Venino,* for the appellants.

*Mr. Marcus E. Donnelly* and *Mr. Milton Rosenblum,* for the respondent.

Per Curiam.

The order appealed from will be affirmed, for the reasons stated in the opinion filed by Vice-Chancellor Bigelow in the court of chancery.

*For reversal*—None.